IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                        )    No. 72004-0-I
         Respondent, )
                        )    DIVISION ONE
         v. )
                        )
RICHARD ARTHUR GRANT, )     UNPUBLISHED OPINION
                        )
         Appellant. )     FILED: November 23, 2015
_____ )

BECKER, J. — A prosecutor may not impugn defense counsel's integrity by implying deception or dishonesty on his part. But here, the prosecutor's reference to "Alice's rabbit hole" was a proper argument that the defendant's absence-of-evidence argument was unfounded. We reject appellant's claim of prosecutorial misconduct.

Appellant Richard Grant was convicted of two counts of possession of methamphetamine at separate jury trials. He was found guilty of count 1 on March 27, 2014. He was found guilty of count 2 on April 2, 2014. On appeal, Grant contends that both convictions must be reversed because of prosecutorial misconduct.

To prevail on a claim of prosecutorial misconduct, the defendant bears the burden of showing both improper conduct and resulting prejudice. State v. McKenzie, 157 Wn.2d 44, 52, 134 P.3d 221 (2006). Prejudice exists only where

there is a substantial likelihood that the misconduct affected the jury's verdict. McKenzie, 157 Wn.2d at 52. We review a prosecutor's closing arguments in the context of the total argument, the issues in the case, the evidence addressed in the argument and the jury instructions. McKenzie, 157 Wn.2d at 52. Failure to object to alleged prosecutorial misconduct at trial waives any error unless the misconduct is so flagrant and ill-intentioned that no instruction could have cured the prejudice. State v. Belgarde, 110 Wn.2d 504, 507, 755 P.2d 174 (1988).

A prosecutor may not impugn defense counsel's integrity by implying wrongful deception or dishonesty on the part of defense counsel. See, e.g., State v. Thorgerson, 172 Wn.2d 438, 451-52, 258 P.3d 43 (2011) (prosecutor's reference to defense's presentation as "'bogus'" and involving "'sleight of hand'" improper because it implied deception or dishonesty); State v. Lindsay, 180 Wn.2d 423, 433-34, 326 P.3d 125 (2014) (prosecutor's reference to defense's closing argument as a "'crock'" was improper). But where the defense raises lack or absence of evidence in closing, the prosecutor may argue in rebuttal that such argument is unfounded. See, e.g., State v. Guizzotti, 60 Wn. App. 289, 298, 803 P.2d 808 (defendant argued that victim's failure to report rape to authorities made her less credible; prosecutor's description of argument as "'smoke'" and an "attempt to confuse the evidence" not improper because he was arguing that defense's argument was unfounded), review denied, 116 Wn.2d 1026 (1991).

First, Grant claims that the prosecutor committed misconduct at the trial on count 2 when he warned the jury against following the defense "down Alice's rabbit hole." At this trial, Grant argued in closing that the State should have

2

provided a laundry list of additional evidence, including a photograph or video of Grant with the drugs; an audio recording; a written statement; DNA (deoxyribonucleic acid) and fingerprint evidence; a corroborating witness; a warrant; and police phone logs. In rebuttal, the prosecutor responded that the jury should be satisfied with the evidence that had been presented, rather than be dismayed by the lack of other evidence:

> So if you want to follow the defense down Alice's rabbit hole and start thinking about all the possible things that could have been provided, you are going to be looking at an infinite number of possibilities, none of which are reasonable in the circumstances.
> What you should be worried with in this case is the evidence that has been presented, the fact that you have the actual methamphetamine, the container, the meth pipe, all of which were taken from the defendant on that day. There is no reason to doubt the credibility of the officers.

Grant argues that the prosecutor's reference to "down Alice's rabbit hole" improperly implied deception and unfair tactics by defense counsel. But Grant failed to object. The remark was not so flagrant and ill-intentioned that no instruction could have cured the prejudice. Thus, the error was waived. Belgarde, 110 Wn.2d at 507.

Even assuming the objection was preserved, as a literary reference "Alice's rabbit hole" does not imply deceit or trickery. Rather, it implies a descent from reality into absurdity. The comment did not refer to defense counsel personally but rather to the irrationality of counsel's argument that the State lacked evidence that Grant possessed methamphetamine. By referring to "Alice's rabbit hole," the prosecutor suggested that any hypothetical list of absent evidence was infinite and thus acquittal on this basis would be absurd. The point

3

of the argument was that because the State had presented the actual methamphetamine and its container and accompanying pipe that it had found in Grant's possession, additional corroborating evidence was unnecessary. As in Guizzotti, the prosecutor was pointing out that the defendant's argument was unfounded. Grant has failed to show any prosecutorial misconduct at the trial for count 2.

Grant also argues, and the State concedes, that count 1 must be reversed due to prosecutorial misconduct. At trial for count 1, the prosecutor argued in rebuttal that the only way the jury could find the evidence insufficient to convict was if jurors believed that the police officer lied about finding the drugs in Grant's possession. Grant claims that this argument constitutes prejudicial misconduct incurable by a jury instruction and thus the trial judge erred in denying his motion for a mistrial. The State concedes under State v. Fleming, 83 Wn. App. 209, 213, 912 P.2d 1076 (1996) (prosecutor may not argue that in order to acquit a defendant, the jury must find that the State's witnesses are lying), review denied, 131 Wn.2d 1018 (1997). We accept the State's concession.

Last, Grant argues, and the State concedes, that Grant's sentence was based on an offender score that mistakenly included a count the State had dismissed. We accept the State's concession that at a minimum, resentencing is required. Even though the standard range may remain the same, it is not clear that the trial court would impose the same sentence for count 2 alone.

Grant's conviction for count 2 is affirmed. His conviction for count 1 is reversed.

WE CONCUR:

Becker, J.

Leach, J.

Cox, J.

COURT OF APPEALS DIV I
STATE OF WASHINGTON

2015 NOV 23  AM 10: 01